## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**In re:**

**THOMAS FRANCIS YOUNG and**
**CONNIE ANGELINA YOUNG,**

      **Debtors,**

                                          **Bankruptcy No. 20-11844-t7**

---

**THOMAS FRANCIS YOUNG and**
**CONNIE ANGELINA YOUNG,**

      **Appellants,**

**v.**                                 **No. 1:23-cv-0017 WJ/DLM**

**YVETTE GONZALES, Chapter 7 Trustee,**
**DEUTSCHE BANK TRUST COMPANY AMERICAS,**
**ALEX NETTY, and BK ENTERPRISES,**

      **Appellees.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      **THIS MATTER** is before the Court on the Chapter 7 Trustee's Motion to Dismiss Appeal as Moot and in the Alternative, Dismiss Improper Parties. (Doc. 20.) Having considered the record, submissions of counsel, and relevant law, the Court recommends that the motion to dismiss be **granted**.[1]

---

[1] Chief United States District Judge William P. Johnson entered an Order of Reference Relating to Bankruptcy Appeals on April 7, 2023, referring this case to the undersigned Magistrate Judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 12.)

## I.      Procedural Background

On January 9, 2023, the Clerk of Court for the United States Bankruptcy Court, District of New Mexico, filed the Clerk's Certificate of Service of Notice of Appeal. (Doc. 1.) Appellants Thomas and Connie Young (the Youngs) seek to appeal the bankruptcy court's December 28, 2022 Default Order granting Appellee Deutsche Bank Trust Company America's (Deutsche Bank) Motion for Relief from Automatic Stay. (*See* Doc. 1-1 at 1.) *See also In re Young*, No. 20-11844-t11, Doc. 470 (Bankr. D.N.M. Dec. 28, 2022).

On March 8, 2023, United States Magistrate Judge Kevin R. Sweazea entered an Order to Show Cause, ordering the Youngs to show cause why they had not filed a designation of the items to be included in the record and a statement of the issues to be presented. (Doc. 4.) On March 22, 2023, the Youngs filed a Statement of Issues to be Presented. (Doc. 5.) The issues are: (1) "The bankruptcy court erred when it entered a Default order on the case regarding a relief of stay"; and (2) "Proper notice was not given and the Debtors were not allowed to voice their concern." (*Id.*) The bankruptcy court filed the record on appeal on May 8, 2023. (Doc. 17.)

This Court entered a Briefing Schedule Order on May 9, 2023, ordering the Youngs to file an Opening Brief by June 7, 2023, with responses due by July 7, 2023, and replies due by July 21, 2023. (Doc. 19.) To date, the Youngs have not filed an opening brief. (*See, e.g.*, Doc. 24.) The Trustee filed the motion to dismiss on May 17, 2023, which is fully briefed and ready for decision. (Docs. 20–22.)

## II.     Analysis

The Trustee asks the Court to dismiss the Youngs' appeal as moot because they failed to present the issues on appeal to the bankruptcy court in the first instance. (Doc. 20 at 1.)

Alternatively, the Trustee asks the Court to dismiss Appellees Alex Netty and BK Enterprises as improper parties. (*Id.*) The Youngs oppose the motion. (Doc. 21.)

The record establishes that on November 8, 2021, Deutsche Bank filed a Motion for Relief from the Automatic Stay related to certain real property in Santa Fe, New Mexico, and a Notice of Deadline to File Objections. *See In re Young*, 20-11844-t11, Docs. 343–44. Deutsche Bank sent copies of their motion and notice to the Youngs' attorney[2] of record via email and mail. (*See* Doc. 17 at 7.) *See also In re Young*, 20-11844-t11, Docs. 343 at 7; 344 at 2.

Over one year after Deutsche Bank filed its motion and notice, on December 28, 2022, the bankruptcy court found that Deutsche Bank timely served the Motion for Relief from the Automatic Stay and Notice on the Youngs; that "[t]he Notice specified an objection deadline of [21] days from the date of service of the Notice"; that "[t]he Notice was sufficient in form and content"; and that neither the Youngs nor any other party in interest objected to the motion. (*See* Doc. 17 at 5.) Accordingly, the bankruptcy court granted the motion and lifted the automatic stay pursuant to 11 U.S.C. § 362(d). (*See id.* at 6.) Notice of the bankruptcy court's December 28, 2022 order was provided to the Youngs via email. (*See id.* at 9.)

The Youngs appealed the order to this Court on January 9, 2023. (*See* Doc. 1.) The Youngs allege that they were not given "proper notice," but they fail to clarify in either the Statement of

---

[2] It appears that Deutsche Bank also sent notice of the motion to the Youngs' previous address. (*See* Doc. 17 at 7.) The Youngs had filed a notice of change of address days earlier. *See In re Young*, 20-11844-t11, Docs. 331 (Notice of Change of Address); 343 at 7 (Motion for Relief sent to previous address); 344 (Notice sent to previous address).) Regardless, the Youngs were still represented by counsel on the date of the motion and notice, and Deutsche Bank provided notice of the documents to their attorney. (*See* Docs. 343 at 7; 344 at 2.)

On October 8, 2021, the Youngs' attorney filed a motion to withdraw. *See In re Young*, 20-11844-t11, Doc. 322. The bankruptcy court found that the attorney filed and served sufficient notice of the motion. *See id.*, Doc. 346. The Trustee "filed a limited objection to the [m]otion[,]" noting "that the address given for the Debtors . . . was inaccurate . . . ." *Id.* at 2. "On November 4, 2021, [the Youngs] filed a Notice of Change of Address that updated their address on the official court mailing matrix in [the bankruptcy] case." *Id.* (citation omitted). Finding that the motion was well-taken, the bankruptcy court entered a stipulated order granting the motion to withdraw on November 10, 2021. *See id.*

Issues to be Presented or their opposition to the motion to dismiss what filing they allegedly did not receive notice of and/or how the notice was deficient.[3] (*See* Docs. 5 at 1; 21.)

The Trustee alleges that the Youngs did not object to the order or seek relief from the bankruptcy court before filing this appeal. (Doc. 20 at 2 (citing Doc. 17).) *See also In re Young*, Docket, 20-11844-t11. The Trustee argues that "an appellate court cannot decide on appeal an issue not raised before the trial court." (Doc. 20 at 2 (citing *F.D.I.C. v. Noel*, 177 F.3d 911, 915 (10th Cir. 1999)).) The Youngs respond that the Trustee's argument "is absurd[,]" as they "objected repeatedly to this Court Order during numerous hearings before the Bankruptcy Court." (Doc. 21 at 3.) Yet, the Youngs fail to cite any document in support of this assertion, nor has the Court located any indication in the bankruptcy court record to demonstrate that the Youngs objected to the relevant order or sought relief from the bankruptcy court prior to filing this appeal. *See generally In re Young*, 20-11844-t11. (*See also* Doc. 22 at 2–3.)

The Youngs' arguments, which are raised for the first time on appeal to this Court, were "not preserved for review." *See In re Young*, No. 23-cv-0055 MIS/JFR, 2023 WL 3997447, at *4 (D.N.M. June 14, 2023) (citing *In re Williams*, 49 F. App'x 845, 849 (10th Cir. 2002) (explaining that a reviewing court will not consider arguments not passed upon below)). "This waiver rule applies to bankruptcy appeals in the district court." *Id.* (citing *In re Clearing House Co.*, 77 B.R. 843, 877 (D. Utah 1987)). Accordingly, the Youngs' appeal is not properly before this Court. *See id.*

---

[3] The Youngs make several assertions in their response brief that pertain not to this case, but to a separate appeal they filed in this district. (*See* Doc. 21 at 1–2 (referring to the "Chapter 7 Trustee's Application to Employ BK Hub Real Estate Services LLC"; asserting that they "listed five issues" in their Statement of Issues to Be Presented, "including 'Due Process was not used'"; and arguing that they "were not given Notice or an opportunity to be heard on the employment of the Real Estate Broker in this case").) *See also Young v. White*, 1:23-cv-0055 MIS/JFR (D.N.M.) (appeal of a bankruptcy court order granting the Chapter 7 Trustee's Application to Employ Barker Real Estate Services LLC as Real Estate Broker). Notably, the Youngs did not include any issue relating to due process or to the real estate broker in the Statement of Issues filed in this matter. (*See* Doc. 5.)

4

Moreover, while the Tenth Circuit has indicated that district courts have discretion to consider some *legal* issues that were not first addressed by the bankruptcy court, this discretion does not extend to *factual* issues. *See id.* (citing *In re Hart*, 923 F.2d 1410, 1413–14 (10th Cir. 1991), *overruled on other grounds by In re Wicks*, 5 F.3d 1372 (10th Cir. 1993) (explaining district court can address certain dispositive issues on appeal from bankruptcy court to district court)). Whether the Youngs received notice of Deutsche Bank's motion or notice or of the bankruptcy court's order is a question of fact. *See id.* (gathering cases). "Any discretion the Court may have, therefore, does not apply." *See id.*

Because the Youngs' appeal is not properly before the Court, the Court recommends finding that "it can order no meaningful relief to" the Youngs and that the "appeal is constitutionally moot and requires dismissal." *See id.* at *5 (citing *In re Paige*, 584 F.3d 1327, 1330 (10th Cir. 2009) (explaining that an appeal of a bankruptcy court order is constitutionally moot where "the appellee demonstrates that a court could order no meaningful relief to the party seeking reversal of the bankruptcy court's decision.")).

## III.   Conclusion and Recommendation

The undersigned recommends finding that the Youngs' appeal is constitutionally moot. The undersigned further recommends granting the motion to dismiss and dismissing this appeal without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants**

to have appellate review of the proposed findings and recommended disposition. **If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE